```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TIMOTHY W. ABBOTT, SR. and         :
TERESA E. ABBOTT,                  :CIVIL ACTION NO. 3:12-CV-2565
                                   :
        Plaintiffs,                :(JUDGE CONABOY)
                                   :
        v.                         :
                                   :
ZAVCOR TRUCKING LIMITED, and/or    :
ZAVCOR/TRUCK-KING, GERALD DUNBAR   :
and/or JOHN DOE TRUCK DRIVER(S)    :
1-5 and/or JOHN DOE TRUCKING       :
COMPANY (IES) 1-5, and/or JOHN     :
DOE, PERSONAL REPRESENTATIVE OF    :
JOHN DOE TRUCK DRIVERS,            :
                                   :
        Defendants.                :
                                   :

_____

## **MEMORANDUM**

Here we consider Plaintiffs' Motion to Enforce Agreement and/or Stipulation That Defendant Gerald Dunbar and/or John Doe Truck Driver(s) 1-5, Was Acting in Course and Scope of Employment of Defendant, Zavcor Trucking Limited and/or Zavcor Truck-King at the Time of the Subject Motor Vehicle Collision as Well as Motion for Sanctions and Payment of Fees, Costs and Attorney Fees (Doc. 14). For the reasons discussed below, we deny Plaintiffs' motion.

## **I. Background**

This action stems from a collision which occurred on January 28, 2011, on Interstate 81 in Susquehanna County, Pennsylvania. (Doc. 1 ¶¶ 10-11.) Plaintiffs allege

> Gerald Dunbar and/or John Doe Truck Driver(s)
> 1-5, an employee, servant, agent and/or
> representative of Defendant, while in the
> scope of his duties with Zavcor Trucking

> Limited and/or all other defendants, was
> operating Defendant's vehicle . . . when
> Defendant veered his vehicle into Mr.
> Abbott's lane and collided with his truck
> causing this accident to occur.

(Doc. 1 ¶ 11.) Mr. Abbott allegedly sustained injuries to his head, neck, back and shoulder. (Doc. 1 ¶ 13.)

Plaintiffs filed the action on December 21, 2012. (Doc. 1.) The Complaint contains three counts: Count One for Negligence; Count Two for Negligent Entrustment; and Count Three for Loss of Consortium. (*Id.*)

Plaintiffs filed the present motion (Doc. 14) and supporting brief (Doc. 15) on March 29, 2013. The motion is based on Plaintiffs' assertion that an insurance adjuster informed Plaintiffs' counsel that the driver of the vehicle which caused the collision had died. (Doc. 14 at 2.) Plaintiffs further aver that the adjuster assured Plaintiffs' counsel that the driver was within the course and scope of his employment at the time of the collision and "there were not coverage issues." (*Id.*) After Plaintiffs filed this action, Plaintiffs' counsel forwarded a stipulation to Defense Counsel regarding Dunbar having been acting within the course and scope of his employment at the time of the collision. (Doc. 14 at 3.) Defense Counsel did not enter into the proposed stipulation. (*Id.*)

Because of Defense Counsel's position, Plaintiff's Counsel requested an Emergency Status Conference with the Court on February

7, 2013.  (Doc. 6.)  The Court granted the motion (Doc. 7), and held a telephonic conference on March 1, 2013 (Doc. 10).  The Court made no rulings related to issues raised in the telephone conference.

Plaintiffs now seek to have the Court enforce the proposed stipulation, direct Defendant Zavcor to accept service on behalf of Gerald Dunbar, direct Defendant Zavcor to remit to Plaintiffs the cost of raising an estate for Dunbar and/or Truck Driver(s) 1-5, and further direct Defendant Zavcor to remit to Plaintiffs costs and counsel fees related to this motion.  (Doc. 15 at 8-9.)  Finally, Plaintiffs request one hundred twenty days to petition to have an estate opened for Gerald Dunbar and Truck Driver(s) 1-5 and effectuate service upon same.

Defendant Zavcor Trucking Limited filed a brief in response to Plaintiffs' motion on April 12, 2013.  (Doc. 16.)  Plaintiffs have not filed a reply brief and by correspondence dated April 26, 2013, it appears they do not intend to do so.  (*See* Doc. 20).

By Memorandum and Order dated April 18, 2013, the Court considered Defendant Zavcor Trucking Limited's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) and granted it in part and denied it in part.  (Doc. 17.)  The Court granted the motion insofar as Defendant Gerald Dunbar was dismissed from the action.  (Doc. 17 at 11.)  The Court denied the motion as to Moving Defendant's request to dismiss all allegations of recklessness and

3

language which may give rise to punitive damages. (Doc. 17 at 11.) Additionally, the Court granted Plaintiffs leave to amend their Complaint to properly name a representative of deceased Defendant Gerald Dunbar and allowed them until May 3, 2013, to file an amended complaint. (*Id.* at 11-12.) In their April 26, 2013, correspondence, Plaintiffs ask the Court to extend the May 3, 2013, deadline for filing an amended complaint by thirty (30) days. (Doc. 20 at 2.)

## **II. Discussion**

In consideration of Plaintiffs' Motion to Enforce Agreement And/or Stipulation That Defendant Gerald Dunbar And/or John Doe Truck Driver(s) 1-5, Was Acting in Course and Scope of Employment of Defendant, Zavcor Trucking Limited And/or Zavcor Truck-King at the Time of the Subject Motor Vehicle Collision as Well as Motion for Sanctions and Payment of Fees, Costs and Attorney Fees (Doc. 14), we conclude the motion is properly denied.

At this stage of the proceedings, Defendant Gerald Dunbar has been dismissed from this action and Plaintiffs have been given direction as to how to proceed. (Doc. 17.) Plaintiffs cite no authority for the proposition that a court must enforce an alleged pre-litigation stipulation between an insurance adjuster and Plaintiffs' counsel. The Court concludes it would be inappropriate to do so given the circumstances of this case. Further, the Court concludes there is no basis to grant the remainder of the relief

4

sought by Plaintiffs.

### III. Conclusion

For the reasons discussed above, Plaintiffs' Motion to Enforce Agreement and/or Stipulation That Defendant Gerald Dunbar and/or John Doe Truck Driver(s) 1-5, Was Acting in Course and Scope of Employment of Defendant, Zavcor Trucking Limited and/or Zavcor Truck-King at the Time of the Subject Motor Vehicle Collision as Well as Motion for Sanctions and Payment of Fees, Costs and Attorney Fees (Doc. 14) is denied. As requested in Plaintiffs' April 26, 2013, correspondence (Doc. 17), the Court will allow Plaintiffs and extension of time to file an amended complaint. An appropriate Order follows.

                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: April 30, 2013

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY W. ABBOTT, SR. and            :
TERESA E. ABBOTT,                     :CIVIL ACTION NO. 3:12-CV-2565
                                      :
         Plaintiffs,                  :(JUDGE CONABOY)
                                      :
         v.                           :
                                      :
ZAVCOR TRUCKING LIMITED, and/or       :
ZAVCOR/TRUCK-KING, GERALD DUNBAR      :
and/or JOHN DOE TRUCK DRIVER(S)       :
1-5 and/or JOHN DOE TRUCKING          :
COMPANY (IES) 1-5, and/or JOHN        :
DOE, PERSONAL REPRESENTATIVE OF       :
JOHN DOE TRUCK DRIVERS,               :
                                      :
         Defendants.                  :
                                      :
```

## ORDER

**AND NOW, THIS 30th DAY OF APRIL 2013, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Enforce Agreement and/or Stipulation That Defendant Gerald Dunbar and/or John Doe Truck Driver(s) 1-5, Was Acting in Course and Scope of Employment of Defendant, Zavcor Trucking Limited and/or Zavcor Truck-King at the Time of the Subject Motor Vehicle Collision as Well as Motion for Sanctions and Payment of Fees, Costs and Attorney Fees (Doc. 14) is DENIED;

2. Plaintiff is to file an amended complaint on or before June 14, 2013.

<pre>
                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge
</pre>